IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARVIN, | No. CIV S-09-2089-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 17), defendant's motion for remand (Doc. 24), and plaintiff's opposition thereto (Doc. 26).

///

///

///

## I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 24, 2006.  In the application, plaintiff claims that disability began on March 24, 2006.  Plaintiff claims that disability is caused by a combination of mental and physical impairments including seizure disorder, fibromyalgia, pain disorder, adjustment disorder, major depressive disorder, and anxiety disorder.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on October 21, 2008, before Administrative Law Judge ("ALJ") Charles D. Reite.   In a March 26, 2009, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant finding: "Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  After the Appeals Council declined review on June 5, 2009, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ's conclusion that she does not have any medically determinable physical or mental impairment is not based on a proper analysis of the medical opinions.  Plaintiff seeks a remand for the payment of benefits without further administrative proceedings.  In his motion for remand, defendant concedes that the ALJ erred with respect to plaintiff's claim of fibromyalgia.  Specifically, defendant acknowledges that ". . . the scarcity of objective evidence is an aspect of fibromyalgia" and, for this reason, was not a proper basis upon which to reject treating source opinions.  Defendant also concedes that it is ". . . unclear what weight the ALJ gave to Dr. Scaramozzino's opinion [regarding mental impairments] and why he gave it that weight."  Defendant asserts that a remand to allow the ALJ to reconsider the medical opinions is appropriate.  Defendant also argues that a remand is required for further proceedings in order to allow the ALJ to assess plaintiff's residual functional capacity, if necessary, upon a finding that plaintiff suffers from medically determinable impairments.

The parties agree that the ALJ erred in concluding that plaintiff is not disabled. The parties disagree, however, on the proper remedy.  Citing Lester v. Chater, 81 F.3d 821 (9th Cir. 1995), plaintiff argues that this case should be remanded for immediate payment of benefits without further proceedings because "[i]f credited, the opinions of Drs. Khalid and Alexander establish that Plaintiff has the medically determinable impairment of fibromyalgia."  Similarly, plaintiff argues that the uncontradicted medical opinions of Drs. Scaramozzino and others

1  establish the existence of a medically determinable mental impairment.  According to plaintiff,
2  where the commissioner fails to provide adequate reasons for rejecting a treating or examining
3  source opinion, that opinion must be credited as a matter of law.  Plaintiff contends that, if
4  credited, the medical opinions in this case conclusively establish severe medically determinable
5  impairments.

6  Assuming for the moment that the case law stands for the proposition plaintiff
7  asserts and that the opinions of Drs. Khalid, Alexander, Scaramozzino, and other treating and/or
8  examining sources must be credited, this would not be the end of the administrative analysis.
9  Specifically, crediting these opinions would, at most, establish that plaintiff does indeed have a
10 medically determinable impairment.  This, however, would only end the analysis at Step 2 of the
11 sequential analysis.  The question would remain as to what plaintiff's residual functional capacity
12 would be in light of such impairments.  In Lester, the court concluded that a remand for payment
13 of benefits was warranted because, in addition to errors regarding the medical evidence, the ALJ
14 in that case had erred with respect to plaintiff's credibility.  See id. at 830-31.  Given the error
15 regarding plaintiff's credibility, the Lester court credited plaintiff's testimony as a matter of law.
16 See id.  Crediting the plaintiff's testimony obviated any need for a residual functional capacity
17 assessment because, as credited, the plaintiff's testimony clearly established disability.  See id.
18 The court concluded: "No purpose would be served by remanding for further proceedings."  Id. at
19 834.

20 This case is distinguishable in that no argument is made with respect to plaintiff's
21 credibility.  In fact, the ALJ made no findings regarding credibility which this court could credit
22 as a matter or law in order to supply the missing residual functional capacity analysis.  Because it
23 is for the agency to make the determination in the first instance regarding plaintiff's residual
24 functional capacity, a remand for further proceedings is warranted.
25 / / /
26 / / /

## IV.  CONCLUSION

Defendants suggests the following instructions on remand, which the court accepts:

> On remand, the Commissioner should be instructed to conduct such supplemental hearings as necessary to complete the record and issue a new decision.  The ALJ should reconsider the medical source opinions and if he rejects those opinions, he should provide specific and legitimate reasons for doing so.  The ALJ should redetermine whether Plaintiff has medically determinable impairments and if he determines that Plaintiff does not have medically determinable impairments, he should fully explain the basis for that determination.  If warranted, the ALJ should reassess Plaintiff's residual functional capacity and continue the sequential evaluation process through steps 4 and 5.

Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (Doc. 17) is denied;

    2.    Defendant's motion for remand (Doc. 24) is granted; and

    3.    This matter is remanded for further proceedings consistent with this order; and

    4.    The Clerk of the Court is directed to enter judgment and close this file.


DATED:  September 17, 2010

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE